ROBERT L. BLAND, Judge.
The claimant in the first above styled case seeks an award for refund of what is commonly known as gross sales taxes contended by it to have been erroneously paid on income earned outside of the state of West Virginia, in the sum of $737.22. The claimant in the second styled case seeks an award by way of refund of gross sales taxes contended to have been overpaid through error of the taxpayer, in the sum of $253.52. The court having carefully considered both of said claims on the 24th day of June, 1949, determined that it is wúthout prima facie jurisdiction of said two claims, or either of them, and accordingly dismissed both of them.
Section 14 of the court of claims act expressly excludes from the jurisdiction of the court seven classes of claims, as follows:
*57 1. For loss, damage, or destruction of property or for injury or death incurred by a member of the militia or national guard when in the service of the state.
2. For injury to or death of an inmate of a state penal institution.
3. Arising out of the care or treatment of a person in a state institution.
4. For a disability or death benefit under chapter twenty-three of this code.
5. For unemployment compensation under chapter twenty-one-a of this code.
6. For relief or public assistance under chapter nine of this code.
7. With respect to which a proceeding may be maintained by or on behalf of the claimant in the courts of the state.
Thus it will be observed that by subsection 7, of the said article 14 the jurisdiction of the court of claims does not extend to any claim with respect to which a proceeding may be maintained by or on behalf of the claimant in the courts of the state.
A remedy is provided by general law for relief of the above two claimants. Section 8, article 13, chapter 11 of the code, 1943, reads as follows:
“If any person, having made the return and paid the tax as provided by this article, feels aggrieved by the assessment so made upon him for any year by the tax commissioner, he may apply to the board of public works by petition, in writing, within thirty days after notice is mailed to him by the tax commissioner, for a hearing and a correction of the amount of the tax so assessed upon him by the tax commissioner, in which petition shall be set forth the reasons why such hear *58 ings should be granted and the amount such tax should be reduced. The board shall promptly consider such petition, and may grant such hearing or deny the same. If denied, the petitioner shall be forthwith notified thereof; if granted, the board shall notify the petitioner of the time and place fixed for such hearing. After such hearing, the board may make such order in the matter as may appear to it just and lawful, and shall furnish a copy of such order to the petitioner. Any person improperly charged with any tax and required to pay the same may recover the amount paid, together with interest, in any proper action or suit against the tax commissioner, and the circuit court of the county in which the taxpayer resides or is located shall have original jurisdiction of any action to recover any tax improperly collected. It shall not be necessary for the taxpayer to protest against the payment of the tax or to make any demand to have the same refunded in order to maintain such suit. In any suit to recover taxes paid or to collect taxes, the court shall adjudge costs to such extent and in such manner as may be deemed equitable. Upon presentation of a certified copy of a judgment so obtained, the auditor shall issue his warrant upon any funds in the treasury available for the payment thereof.
“No injunction shall be awarded by any court or judge to restrain the collection of the taxes imposed by this article, or any part of them, due from any person, except upon the ground that the assessment thereof was in violation of the constitution of the United States, or of this State; or that the same were fraudulently assessed; or that there was a mistake made in the amount of taxes assessed upon such person. In the latter case, no such injunction shall be awarded, unless application shall first have been made to the board of public works to correct the alleged mistake and the board shall have refused to do so, which fact shall be stated in the bill, and unless the compkiinant shall have paid into the treasury of the state all taxes appearing by the bill of complaint to be owing.”
Since by general law a proceeding may be maintained by the above claimants in the courts of the state for their relief, *59 it necessarily follows that they can have no staxxding in the court of claims. The court of claims can exercise no jurisdiction that is expressly denied to it by the court act.
We have repeatedly announced and followed the rule herein set out. •
The state court of claims will not entertain jurisdiction of a claim upon which a proceeding may be maintained by or on behalf of the claimant in the courts of the state. Cottle v. State Road Commission, 1 Ct. Claims (W. Va.) 84.
The act creating this court, section 14, relating to the jurisdiction of the court, specifically excludes from its jurisdiction any claim which may. be maintained by or on behalf of the claimant in' the courts of the state. Scaveriello v. State Road Commission, 1 Ct. Claims (W. Va.) 86.
The act creating this court, section 14, relating to the juris- ' diction of the court, specifically excludes from its jurisdiction any claim which may be maintained by or on behalf of the claimant in the courts of the state. Burns v. State Road Commission, 2 Ct. Claims (W. Va.) 439.
■ The act creating this court, section 14, relating to the jurisdiction of the court, specifically excludes from its jurisdiction any claim which may be maintained by or on behalf of the claimant in the courts of the state. Mallow v. State Road Commission, 2 Ct. Claims (W. Va.) 411.
The state court of claims has no power to make an award for a claim with respect to which a proceeding may Be maintained by or on behalf of the claimant in the courts of the state. Wright v. State Road Commission, 2 Ct. Claims (W. Va.) 405.
The state court of claims has no power to make an award for a claim with respect to which a proceeding may be maintained by or on behalf of the claimant in the courts of *60 the state. Soloman v. State Road Commission, 2 Ct. Claims (W. Va.) 434.
The State Court of Claims has no power to make an award for a claim with respect to which a proceeding may be maintained by or on behalf of the claimant in the courts of the state. Williams v. State Road Commission, 2 Ct. Claims (W. Va.) 408.
The act creating this court, Section 14, relating to the jurisdiction of the court, specifically excludes from its jurisdiction any claim which may be maintained by or on behalf of the claimant ifi the courts of the state. Miller v. State Road Commission, 2 Ct. Claims (W. Va.) 441.
It is expedient that precedent should be observed and followed. All holdings of the court in conflict with the statement contained in the syllabus of this opinion are now expressly disapproved.